IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KYMONTUS L. MCSHAN,<br><br>Defendant. | Case No. 21-CR-30116-SPM |

## MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

    This matter comes before the Court on Defendant Kymontus L. McShan, Jr.'s *pro se* Motion for Sentence Reduction pursuant to 18 U.S.C. § 3582(c) and § 1B1.10 of the United States Sentencing Guidelines Manual [hereinafter Sentencing Guidelines], making Amendment 821 retroactive (Doc. 48).

    Upon review of the record, this Court finds that McShan is not a zero-point offender and crimes in which "violence or credible threats of violence" are used and those in which the defendant did "possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon . . . in connection with the offense" are categorically excluded from sentence reductions pursuant to Amendment 821. Sentencing Guidelines § 4C1.1(a)(1), (3), (7). Defendant McShan pleaded guilty to two counts of interference with commerce by robbery in violation of 18 U.S.C. § 1951 and 2 and one count of brandishing a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (*see* Doc. 39). Therefore, McShan was convicted of crimes during which "violence or credible threats of violence" and a

firearm were both used "in connection with the offense." Sentencing Guidelines § 4C1.1(a)(3), (7). Because of this, Defendant McShan's criminal history category is not affected by Amendment 821.

Accordingly, Defendant McShan's *pro se* Motion for Sentence Reduction pursuant to Amendment 821 (Doc. 48) is **DENIED**.

**IT IS SO ORDERED.**

**DATED:  November 20, 2024**

*s/ Stephen P. McGlynn*
**STEPHEN P. McGLYNN**
**U.S. District Judge**
